Robinson v. Howard.

---

ROBINSON, Respondent, v. HOWARD, Appellant.

St. Louis Court of Appeals, November 29, 1904.

**NEGLIGENCE: Safe Premises: Pleading.**    A petition which states that defendant's premises were used as a place of business or a public resort and that plaintiff, while on the premises at the defendant's invitation, and while going to the room to which the defendant invited him, fell into an open, unlighted and dangerous stairway, whereby he was injured, stated a cause of action sufficient to sustain a verdict.

Appeal from St. Louis City Circuit Court.—*Hon. J. R. Kinealy,* Judge.

AFFIRMED.

*R. F. Walker* for appellant.

The petition, in the case at bar, only states by implication that the deceased was on the premises by invitation of the defendant (appellant). To authorize a recovery it was necessary for the petition to affirmatively allege that the deceased was on the premises by the invitation of the defendant. To authorize a recovery for lack of ordinary care the petition should affirmatively allege an invitation by defendant. If deceased, as appears from the pleadings, was not on the premises by invitation of defendant, he was a mere licensee; if a mere licensee he assumed the risks incident to the condition of the premises. Castoriano v. Millers, 15 Misc. 254; McCann v. Thelman, 36 Misc. 145; Reardon v. Thompson, 149 Mass. 267; Parker v. Portland Pub. Co., 69 Maine 173.

### STATEMENT.

We transcribe the pleadings in this case. The petition omitting the formal parts is as follows:

"The plaintiff states that she was the lawful wife of John A. Robinson at the time of his death as herein mentioned.

"That at the times mentioned the defendant owned, used and occupied the building and premises known as number 307 N. Garrison avenue and the rooms, halls and stairs therein as a place of business and public resort to which the defendant invited the public and his patrons and customers to do business with them for his profit.

"That on the first day of February, 1902, the plaintiff's said husband, John A. Robinson, was in said building at the invitation of the defendant, when in passing into a room on the second floor of said building where he was invited by the defendant to do business,

from a hallway he fell down a stairway opening from the second to the first floor of said building and sustained injuries thereby, which caused his death, to-wit: at St. Louis, Missouri, on the 17th day of February, 1902. And the plaintiff avers that said stairway opening into which her husband so fell and was injured, was an old stairway out of use, and said opening was dark and unlighted and in dangerous proximity to the entrance and door to the room to which the defendant invited his customer and said deceased, and stairway opening was wholly unguarded and not sufficiently lighted and thereby was a dangerous pitfall and trap into which persons lawfully upon said premises at the invitation of the defendant were liable to fall and sustain injury, and said stairway opening by reason of its said defective structure and location and condition was the direct cause of the plaintiff's husband falling therein and sustaining injuries and his death.

"And the plaintiff avers that the defendant was negligent in maintaining said hall and stairway opening unlighted by sufficient lights and dark, and in failing to have said opening protected or guarded so as to prevent persons falling therein and sustaining injuries, and also in inviting the plaintiff's husband upon said premises whilst in said defective condition and thereby directly contributed to cause the injury and death of the plaintiff's said husband; that by the death of her husband so caused the plaintiff has lost his care, maintenance and support to her damage in the sum of five thousand dollars, for which sum she prays judgment."

The amended answer of defendant, omitting the formal parts, is as follows:

"Now at this day comes John W. Howard, defendant in the above-entitled cause, by his attorney, and for his amended answer to the petition of plaintiff filed herein, denies each and every allegation in said petition contained.

"The defendant further answering says that the deceased John A. Robinson, was on the night of February 1, 1902, and had been prior thereto, entirely familiar with the exact location, situation and condition of said stairway and the hallway leading thereto and the location of the doors opening into rooms adjacent to said hallway; that on the night of February 1, 1902, said hallway was well lighted and there was not the least danger of any person, in the exercise of ordinary care, falling down said stairway; that it was not necessary for any person using said hallway to go up or down said stairway; that the only means of ingress and egress to the said hallway was from a rear stairway or entrance at the opposite end of the hallway from the stairway in question; that this entrance was uniformly used by persons going out or coming into said hallway; that said rear entrance was used by deceased in coming into said hallway on the night of February 1, 1902; and defendant avers that if the deceased fell down said stairway as alleged in plaintiff's petition that the alleged injury and death of deceased in consequence thereof were caused by and were the direct result of the negligence and want of ordinary care of deceased at the time and immediately before he fell down said stairway and that defendant is not liable therefor; that the deceased was subject to attacks of vertigo or dizziness and was a large heavy man with very small feet and by reason of these infirmities had great difficulty in maintaining his equilibrium; that if he fell down said stairway as alleged in plaintiff's petition, such fall and the consequences resulting therefrom were due to the negligence and want of ordinary care and infirmity of the deceased for which defendant is not liable. Wherefore, defendant having fully answered, asks to be discharged with his costs."

GOODE, J. (after stating the facts).—The petition is said to state no cause of action for the reason

that it shows the respondent was on the premises where he was injured as a licensee. This position is untenable. The petition positively charges that the premises were used by the appellant as a place of business and a public resort; that the respondent was on them by appellant's invitation and fell into the open, unlighted and dangerous stairway while going to a room to which the appellant had invited him. This petition is good after verdict beyond doubt. The answer traversed its allegations and sharply defined issues were presented for trial.

The judgment is affirmed. All concur.